J-S11007-26                    2026 PA Super 153

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES A. MORGAN | : | No. 1234 WDA 2025 |

Appeal from the Judgment of Sentence Entered September 5, 2025
In the Court of Common Pleas of McKean County
Criminal Division at No: CP-42-CR-0000412-2023

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES ANDREW MORGAN | : | No. 1235 WDA 2025 |

Appeal from the Judgment of Sentence Entered September 5, 2025
In the Court of Common Pleas of McKean County
Criminal Division at No: CP-42-CR-0000413-2023

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES ANDREW MORGAN | : | No. 1236 WDA 2025 |

Appeal from the Judgment of Sentence Entered September 5, 2025
In the Court of Common Pleas of McKean County
Criminal Division at No: CP-42-CR-0000543-2023

BEFORE:  LAZARUS, P.J., STABILE, J., and NEUMAN, J.

OPINION BY STABILE, J.:                    **FILED:  July 16, 2026**

The Commonwealth appeals from the September 5, 2025, order of the Court of Common Pleas of McKean County, granting Appellee credit on his sentence for the time he spent as a patient at an impatient drug and alcohol treatment facility. Upon review, we affirm.

The trial court summarized the relevant background as follows.

[Appellee] entered a Guilty Plea on June 5, 2025. The aggregate sentence in the plea agreement is "Aggregate incarceration of not more than 21 months, 10 days to 10½ years (with concurrent parole and probation)." Regarding the credit on his minimum period of confinement, the plea agreement indicated:

> The parties agree that the defense can ask for the [trial] court to consider the amount of time he spent inpatient. The Commonwealth does not agree with credit for that but agrees the [trial] court is best to decide that and it is not a violation of the plea for the defense to ask or the [trial] court to give such credit.

[Appellee]'s bail was set by the Magisterial District Judge at $10,000 monetary at 413 CR 2023 and $250.00 monetary at 412 CR 2023. On September 25, 2023[,] [Appellee] filed a motion to modify [bail]. In his motion[,] [Appellee] requested that bail be modified to allow him to attend a "long-term rehabilitation facility pending [Appellee]'s release." Further, he set forth that: "A condition of bail would be that [Appellee] return to the McKean County Jail following inpatient, regardless of completion status." It was set forth in the bail motion:

> Prior to drafting this motion, counsel contacted Assistant District Attorney Casey Graffius, who has indicated that he does not oppose [Appellee]'s request for bail to be modified to unsecured at both 412 and 413 CR 2023.

On September 26, 2025[,] the motion for modification of bail was granted. On June 12, 2024, [Appellee] filed a "Request to Attend Medical Appointment." In his request[,] [Appellee] asserted that he was admitted to the Dickinson Restoration Center in Brookville,

- 2 -

Pennsylvania[,] on October 3, 2023[,] and had remained as a patient there. He requested court permission to attend a medical appointment of the Dickinson grounds to attend a medical appointment at a hospital. [sic] He asserted that "a member of their (Dickinson's) staff would be with him at all times, stationed directly outside the hospital room. Regarding the Commonwealth's position, it is indicated:

> Prior to drafting this motion, counsel contacted the McKean County District Attorney's Office, [which] has indicated that they do not oppose [Appellee] being permitted to attend this medical appointment, but he must return to Dickinson Center immediately following the appointment.

On June 12, 2024[,] the [trial] court issued an order granting the request to attend the medical appointment. It was also ordered: "Defense counsel shall provide verification to the Commonwealth that [Appellee] has returned to the Dickinson immediately following his medical appointment."

On July 29, 2024[,] [Appellee] filed a second motion to modify bail. He then filed an amended motion on August 6, 2024. In his motions[,] [Appellee] asserts that he made successful progress at Dickinson and was going to be discharged. He requested that the condition that [Appellee] return to the McKean County Jail be lifted and that he be permitted to return to his home. It was indicated that the Commonwealth did not oppose the modification as long as additional bail conditions were added. The modification was granted by an order dated August 7, 2024.

Trial Court Opinion, 10/29/25, at 1-3 (cleaned up).

On September 5, 2025, the trial court sentenced Appellee to an aggregate term of incarceration of not less than twenty-one months and ten days to no more than one hundred twenty-six months. Relevant to this appeal, the sentencing court specifically found that Appellee was entitled to the credit for time served in inpatient treatment. **See** N.T. Sentencing, 9/5/25, at 25. This appeal followed.

- 3 -

As noted above, the Commonwealth challenges the trial court's granting Appellee time credit for inpatient treatment. Specifically, the Commonwealth argues that the inpatient treatment at issue here was voluntary, and, as such, did not entitle Appellee to time credit under established precedent of this Court.

While the Commonwealth's argument is focused almost exclusively on the voluntariness of the underlying inpatient treatment at issue here, we need not address the merits of the Commonwealth's claim. In fact, absent from the Commonwealth's analysis is the acknowledgment that it waived any argument on this matter as a result of the plea agreement. As noted by the trial court and Appellee, the plea agreement in this case provided:

> The parties agree that the defense can ask for the court to consider the amount of time [Appellee] spent inpatient. The Commonwealth does not agree with credit for that *but* agrees the [trial court] is best to decide that and it is not a violation of the plea for the defense to ask or the [trial court] to give such credit.

Guilty Plea Agreement, 6/6/25.

Thus, under the terms of the agreement, the Commonwealth relinquished the time credit issue to the discretion of the trial court because the trial court was in a better decision to decide it. Now, the Commonwealth is trying to litigate this very same issue despite having abandoned it early in the process. As such, the Commonwealth waived this time credit claim. ***See also*** Trial Court Opinion, 10/29/25, at 7. Additionally, there is no claim that

the trial court misapplied or misinterpreted the plea agreement. Accordingly, the Commonwealth is entitled to no relief.

In any event, on the merits, the Commonwealth also is mistaken. The Sentencing Code provides that a defendant shall receive credit for all time spent in custody prior to trial:

§ 9760. Credit for time served

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1).

"The principle underlying [Section 9760] is that a defendant should be given credit for time spent in custody prior to sentencing for a particular offense." [**Commonwealth v. Fowler**, 930 A.2d 586, 595 (Pa. Super. 2007), *appeal denied*, 944 A.2d 756 (Pa. 2008), quoting **Commonwealth v. Hollawell**, 604 A.2d 723, 725 (Pa. Super. 1992)] (citation omitted) (emphasis deleted).

The easiest application of [42 Pa.C.S.A. § 9760(1)] is when an individual is held in prison pending trial, or pending appeal, and faces a sentence of incarceration: in such a case, credit clearly would be awarded. However, the statute provides little explicit guidance in resolving the issue before us now, where [the defendant] spent time [somewhere other] than in prison. This difficulty results in part from the fact that neither Section 9760, nor any other provision of the Sentencing Code, defines the phrase "time spent in custody." The difficulty is also a function of the fact that there are many forms of sentence, and many forms of pre-sentencing release, which involve restrictions far short of incarceration in a prison.

[**Fowler**, 930 A.2d at 595-96], quoting [**Commonwealth v. Kyle**, 874 A.2d 12, 17 (Pa. 2005)] (citation omitted). "Courts

have interpreted the word 'custody,' as used in Section 9760, to mean time spent in an institutional setting such as, at a minimum, an inpatient alcohol treatment facility." [**Fowler**, 930 A.2d at 596], quoting **Kyle**, [874 A.2d at 18].

**Commonwealth v. Toland**, 995 A.2d 1242, 1248-49 (Pa. Super. 2010).

It appears that the Commonwealth believes that the inpatient treatment was voluntary, and, as such, Appellee would not be entitled to time credit, relying on **Commonwealth v. Cozzone**, 593 A.2d 860 (Pa. Super. 1991).[1] According to the Commonwealth, time credit can be awarded only if impatient treatment is court-ordered. We disagree.

The Commonwealth appears to have not fully considered **Commonwealth v. Conahan**, 589 A.2d 1107 (Pa. 1991). In **Conahan**, the Supreme Court held that a defendant who voluntarily commits him/herself to inpatient treatment is not prevented from obtaining time credit toward the sentence. In fact, the **Conahan** Court held that time spent in voluntary inpatient treatment may be credited but the decision is within the sound discretion of the sentencing court. **Id.** at 1110. **See also Toland**, 995 A.2d at 1250-51; **Fowler**, 930 A.2d at 596-97.

---

[1] In **Cozzone**, defendant entered rehabilitation as a condition of bail, and we concluded that the time defendant spent as a patient in the treatment facility was time spent in custody for purposes of 42 Pa.C.S.A. § 9760.

Here, the trial court awarded Appellee credit for time spent in inpatient treatment, which was well within its discretion. **See Fowler**, 930 A.2d at 599. Accordingly, we affirm the judgment of sentence.[2]

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  7/16/2026

---

[2] The same result (*i.e.*, Appellee entitled to time credit) would be reached even if the treatment was court-ordered, for the reasons explained by the trial court. **See** Trial Court Opinion, 10/29/25, at 9 (citing **Cozzone**).